## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ  07101-0419**
**(973) 645-6340**



**WILLIAM J. MARTINI**
      **JUDGE**

## LETTER OPINION

November 30, 2010

Gregg Andrew Ilardi
Harwood Lloyd, LLC
130 Main Street
Hackensack, NJ 07601
    *(Attorneys for Appellant Saddle River Valley Bank)*

Rick A. Steinberg
Ciardi Ciardi & Astin
100 Church Street, 8th Floor
New York, NY 10007
    *(Attorneys for Appellee David J. Garsia)*

    RE:   *Saddle River Valley Bank v. David J. Garsia*
              Civil Action No. 10-1922 (WJM)

Dear Counsel:

    Appellant Saddle River Valley Bank ("Saddle River") brings this action pursuant to 28 U.S.C. § 158.  The action seeks review of the decision by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") to deny Appellant's application for relief from the Bankruptcy Court's previous decision to dismiss as time-barred the adversary complaint filed by Appellant against Appellee David J. Garsia ("Garsia").  There was no oral argument.  Fed. R. Civ. P. 78.  For the following reasons, the Bankruptcy Court's decision is **REVERSED**, and Appellant's

1

complaint shall be deemed timely and properly filed.

## I.   BACKGROUND AND PROCEDURAL HISTORY

The material facts of this case are not in dispute.  In 2008, Appellee personally guaranteed an $800,000 loan made by Appellant to MetroNorth Construction Group, LLC ("MetroNorth") in connection with a construction project.  (Appellant's Brief, hereinafter "App. Br.," at 3).  When MetroNorth defaulted, it became Appellee's obligation to make payment on the loan, but Appellee defaulted as well.  (*Id.*).  Appellant filed suit against Appellee in New Jersey state court, alleging that Appellee had provided fraudulent financial information to secure the loan.  (*Id.*).  Shortly thereafter, Appellee filed for Chapter 7 bankruptcy protection.  (*Id.*).  The first creditors' meeting was scheduled for June 18, 2009.  Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 4007(c), any complaint objecting to the dischargeability of a debt owed by a creditor must be filed within 60 days of the first scheduled creditors' meeting, or here, by August 18, 2009.  FRBP 4007(c).  On August 17, 2009, one day before the deadline, Appellant finalized its complaint and engaged New Jersey Lawyers Service (NJLS) to hand deliver the document to the Bankruptcy Court that same afternoon.[1]  (App. Br. at 1, 3).  Appellant provided NJLS with an address label bearing the correct address for the Bankruptcy Court, but for unknown reasons, NJLS mis-filed the complaint by delivering it to the Essex County Courthouse several blocks away instead.  (*Id.* at 3).  Neither NJLS nor the Essex County Clerk's Office alerted Appellant to the mis-filing or of any delivery problems at all.[2]  (*Id.* at 3, 5).  However, the Essex County Clerk's Office apparently noticed the mis-filing and forwarded the complaint to the Bankruptcy Court, where it was received and filed on August 21, 2009, three days after the deadline.  (*Id.* at 3).  Appellee's counsel was properly served with the complaint before the deadline.  (*Id.*).

Appellant sought permission from Appellee to have the complaint deemed timely filed with the Bankruptcy Court *nunc pro tunc*, but Appellee refused.  (*Id.* at 6).  Shortly thereafter, Appellee filed a motion with the Bankruptcy Court to dismiss the complaint on the grounds that it was time barred.  (*Id.* at 6-7).  Appellant filed opposition papers and a cross-motion to have the complaint deemed timely filed *nunc pro tunc*.  (*Id.* at 7).  On October 22, 2009, the Honorable Donald H. Steckroth of the Bankruptcy Court issued an opinion and order granting the motion to dismiss and denying Appellant's cross-motion.  (10/22/09 Opinion and Order).  The opinion conceded that the mis-filing was not Appellant's fault.  (*Id.*).  Nevertheless, Judge Steckroth reasoned that "the Court must

---

[1] Because Appellant makes less than 10 filings with the Bankruptcy Court per year, it is not required by the local rules to file electronically, even though it is required to filed electronically with the District Court and routinely does so.

[2] Appellant did not immediately request a delivery receipt from NJLS, but even if it had, the receipt did not indicate that the package had been delivered to the wrong address.  The delivery receipt was simply a carbon copy of the initial delivery slip given from Appellant to NJLS bearing the correct address, with the time and date of delivery (1:45 PM on 8/17/09) filled in and signed for by "Marlene R." Appellant subsequently learned that Marlene R. was an employee of the Superior Court clerk's office, but there was no way to tell this from the receipt.  In short, the receipt gave no indication that the complaint had been delivered to the state courthouse and not to the Bankruptcy Court.

apply the Bankruptcy Rules as unambiguously written." (*Id.*). Given that Appellant's complaint was clearly not filed with the Bankruptcy Court before the expiry of the 60 day deadline, and because FRBP 9006(b)(3) provides that the exclusive means for extending the time to file is by motion within the 60 day period, the opinion concluded that "the lateness of [Saddle River's] filing may not be overlooked for excusable neglect or equitable considerations." (*Id.*).

Appellant filed a motion for reconsideration on November 9, 2009, which was one day late. (App. Br. at 7; Appellee's Brief, hereinafter "Appellee's Br.," at 8). On January 14, 2010, the Bankruptcy Court denied the motion. On February 12, 2010, Appellant filed a motion for relief from the Bankruptcy Court's order pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), which was also denied, on March 9, 2010. (App. Br. at 8). Presently before this Court is Saddle River's appeal of the March 9, 2010 decision. (*Id.* at 9).

## II. ANALYSIS
### A. Standard of Review

Because this case is an appeal from a decision of the Bankruptcy Court, all findings of fact are reviewed for clear error and conclusions of law are reviewed *de novo*. *In re Old Summit Mfg., LLC*, 523 F.3d 134, 137 (3d Cir. 2008); *In re Professional Ins. Management*, 285 F.3d 268, 282 (3d Cir. 2002).

### B. Applicable Law

11 U.S.C. §§ 523(a)(2) and (c)(1) provide in pertinent part that a debt incurred as the result of false pretenses or fraud cannot be discharged in Chapter 7 bankruptcy proceedings if the creditor to whom the debt is owed objects and, after notice and a hearing, the court determines the debt to be excepted from discharge. 11 U.S.C. §§ 523(a)(2), (c)(1). FRBP 4007(c) states that any complaint contesting the dischargeability of a debt pursuant to 11 U.S.C § 523(c) must be filed within 60 days of the first scheduled creditors' meeting. FRBP 4007(c). FRBP 4007(c) allows for extensions of this time period for filing, as long as any such request is made by motion within the 60 day period. *Id.* Finally, FRBP 9006(b)(3) states that a court may enlarge the time for taking action pursuant to FRBP 4007(c) only by the means provided for in that section of the statute, *i.e.* by motion filed prior to the expiry of the 60 days. FRBP 9006(b)(3).

### C. Appellant's Arguments in Support of Reversal

Appellant makes four purportedly distinct arguments in support of its appeal. All four are interrelated, however, and focus on the Bankruptcy Court's alleged misunderstanding of the nature of the relief sought. (App. Br. at 9-10). The arguments are as follows: (1) NJLS's mis-filing of the complaint, mistakenly construed by the Bankruptcy Court as untimely filing, constitutes excusable neglect pursuant to FRCP 60(b)(1) such that relief should have been granted; (2) the circumstances surrounding the mis-filing of the complaint constitute "extraordinary circumstances" pursuant to FRCP 60(b)(6) such that relief should have been granted; (3) in denying the cross-motion, the

Bankruptcy Court mistakenly overlooked the fact that the complaint was timely filed, albeit in the wrong courthouse, such that relief is available under FRCP 60(b)(1); and (4) the Bankruptcy Court mistakenly overlooked the fact that Appellant's cross-motion did not seek an extension of the deadline to object to dischargeability, such that relief is available under FRCP 60(b)(1). (*Id.*) In sum, Appellant argues that the Bankruptcy Court erroneously interpreted the 60(b) motion as seeking an extension of the time to file a complaint, when in reality, Appellant was requesting that the Bankruptcy Court view the complaint as timely but mis-filed and consider whether Appellant's actions could be sufficient to deem the complaint valid. (*Id.*)

1. **Appellant's Arguments Pursuant to FRCP 60(b)(1)—Excusable Neglect and Mistake**

FRCP 60(b)(1) provides for relief from a final order based upon the existence of "excusable neglect" or "mistake," among other criteria. FRCP 60(b)(1); *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 393 (1993). Appellant argues that it should have been granted relief pursuant to FRCP 60(b)(1) because NJLS's conduct in mis-filing the complaint constitutes excusable neglect and because the Bankruptcy Court made a mistake in construing Appellant's argument. (App. Br. at 10). Specifically, Saddle River alleges that in denying the 60(b)(1) request, the Bankruptcy Court mistakenly perceived Appellant's complaint as untimely, when in fact the complaint was timely filed, but in the wrong location.[3] (*Id.*). Appellant acknowledges that, as stated by the Bankruptcy Court in its October 2009 decision, the excusable neglect standard is not available to enlarge the time to file an adversary proceeding. (*Id.*). However, Appellant argues that the Bankruptcy Court erroneously failed to consider whether that same standard would allow a timely but mis-filed document to be deemed properly filed. (*Id.*).

These arguments lack merit. At the outset, it is simply untrue that the Bankruptcy Court failed to consider the distinction between an untimely filed complaint and one that was timely but mis-filed. Appellant first made this argument in its February 12, 2010 motion for relief, claiming that the "Court failed to recognize that Plaintiff's Complaint was, in fact, timely filed." (2/12/10 Motion for Relief). However, Judge Steckroth addressed this issue of mis-filing squarely in the January 14, 2010 opinion, stating that while according to Appellant "there would appear to be no practical difference between filing in Superior Court of New Jersey, Essex County and filing in the Bankruptcy Court in the United States Courthouse in the Newark Vicinage," the Bankruptcy Court "however, has trouble making that connection and knows of no precedent for such

---

[3] Appellant refers to the mistake allegedly made by the Bankruptcy Court in the following multiple ways: (1) the Bankruptcy Court failed to view the complaint as timely but mis-filed, instead of untimely, (2) the Bankruptcy Court overlooked the fact that the Complaint was timely filed, albeit in the wrong courthouse, and (3) the Bankruptcy Court mistakenly overlooked the fact that Appellant does not seek an extension of the deadline to file a complaint but rather seeks its timely but geographically improperly filed complaint to be deemed properly filed. However, all three of these phrasings really complain of the Bankruptcy Court's alleged failure to recognize the distinction between a complaint that was untimely filed in the appropriate courthouse and a complaint that was filed within the proper time constraints but in the wrong courthouse, and amount to the same thing.

substitution." (1/14/10 Opinion).  Thus the Bankruptcy Court considered this distinction but found it to be meaningless.  When Appellant, in its 60(b) motion, again argued that the Bankruptcy Court neglected to appreciate this distinction, the Bankruptcy Court addressed the issue for the second time and indicated that it still found the argument unpersuasive.  (3/9/10 Opinion).

Furthermore, Appellant fails to identify any precedent that recognizes this distinction, let alone deems it to be meaningful.  Appellant's reliance on the Supreme Court's decision in *Pioneer Investment Services Co.* is misplaced.  *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993).  Appellant cites this case in support of its contention that the circumstances surrounding the improper filing constitute excusable neglect and warrant 60(b)(1) relief.  (App. Br. at 11).  However, *Pioneer* and its progeny plainly use FRCP 60(b)(1) for the sole purpose of providing relief for untimely filed claims only, not for claims that are, as Appellant alleges, timely but mis-filed.  *Pioneer*, 507 U.S. at 382-83.  In addition, *Pioneer* clearly states that "the excusable neglect standard" applies to late filings of proofs of claims in Chapter 11 cases but not in Chapter 7 cases, "given the differing policies of the two chapters."  *Id.* at 389.  Finally, *Pioneer* deals with FRBP 9006(b)(1), not FRBP 9006(b)(3), the applicable rule here.  *Id.* at 382.  Thus, Appellant's reliance on *Pioneer* is inapt and unavailing.

Moreover, an independent review of the caselaw fails to turn up any precedent recognizing this distinction or its purported significance.  Granted, no court has ever directly ruled on whether or not excusable neglect, clearly insufficient to excuse an untimely filed document, is sufficient to excuse a complaint that was filed within the prescribed timeframe but in the wrong geographic location.  However, it appears to the Court that Appellant is framing the issue too narrowly.  It is abundantly clear that regardless of the nature of the procedural defect rendering a complaint invalid or how it is characterized, no court has ever found excusable neglect to be sufficient to warrant relief.  *See* FRBP 9006(b)(3); *In re Weinberg,* 197 Fed.Appx. 182, 189 (3d Cir. 2006); *In re Begue*, 176 B.R. 801, 802 (N.D. Ohio 1995).  Rather, the courts that have allowed a party to proceed with a technically deficient complaint have done so in reliance upon equitable considerations that do not involve neglect, excusable or otherwise, on the part of the filer, for example errors made by the court itself or deliberate interference by the adverse party.  *See In re Isaacman,* 26 F.3d 629, 632 (6th Cir. 1994) (if the bankruptcy court establishes an erroneous bar date, it should exercise its equitable powers to accept a late-filed § 523(c) complaint); *In re Themy*, 6 F.3d 688, 690 (10th Cir. 1993) (finding that when the "court's act affirmatively misleads the creditor," it is within the court's discretion to accept the creditor's complaint after the expiry of the 60 day period); *In re Anwiler*, 958 F.2d 925, 928-29 (9th Cir. 1992) (the bankruptcy court is entitled to use its equitable powers to permit late filing of a § 523(c) complaint when creditor reasonably relied on court's conflicting notices regarding the deadline);  *In re Maughan*, 340 F.3d 337 (6th Cir. 2003) (court allowed creditor to file § 523(c) complaint three days after 60 day deadline where debtor had failed to turn over necessary documentation); *In re Greene*, 103 B.R. 83 (S.D.N.Y. 1983), aff'd, 904 F.2d 34 (2d Cir. 1990)(upholding bankruptcy

court's *sua sponte* extension of time to file a § 523(c) complaint where the debtors had intentionally concealed assets and pertinent documentation). From this perspective, regardless of whether the complaint is perceived as untimely filed or timely but mis-filed, excusable neglect is insufficient to allow Appellant to proceed with its complaint.

   Finally, while this Court would not be opposed to considering a novel argument in support of this distinction, Appellant would still need to provide persuasive or analogous reasoning. In an attempt to do this, Appellant raises New Jersey Rule of Court 1:5-6(d) and FRBP 5005(c), both of which contemplate certain types of mis-filings. (App. Br. at 16). Rule 1:5-6(d) provides that mis-filed papers are to be stamped "Received but not filed [date]." R. 1:5-6(d). FRBP 5005(c) states that papers intended to be filed with the Bankruptcy Court but which are "erroneously delivered to the United States trustee, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, the clerk of the bankruptcy appellate panel, or the clerk of the district court" can be deemed filed with the Bankruptcy Court as of the original date of delivery. FRBP 5005(c). Therefore, Appellant argues, these rules contemplate accidental mis-filings and support the proposition that a timely but mis-filed complaint can be deemed properly filed. (App. Br. at 16-17).

   However, these arguments lack merit. As Judge Steckroth stated in his March 9, 2010 decision, the New Jersey procedural court rules are not applicable to filing in federal court. (3/9/10 Opinion). Moreover, as Judge Steckroth also concluded, the alternatives to filing with the bankruptcy court identified in FRBP 5005 are all locations affiliated with the federal court or the bankruptcy system. (*Id.*). The state court is an entirely separate entity. As a matter of statutory interpretation, the fact that the bankruptcy rule includes certain alternatives mandates the exclusion of others not listed. Indeed, the canon of construction "expressio unius est exclusio alterius" means that the Court cannot consider filing at the state court to be proper with the Bankruptcy Court, even by extrapolation. Finally, as noted by Appellee, the Advisory Committee Notes to FRBP 5005(a) state that all papers, including complaints commencing adversary proceedings, must be filed "in the court where the case under the Code is pending. (Appellee's Br. at 15). For all of these reasons, relief pursuant to FRCP 60(b)(1) is inappropriate and unavailable.

     **2.**  **Appellant's Argument Pursuant to FRCP 60(b)(6)—the "Catch-All Provision"**

   The plain language of FRCP 60(b)(6), known as the rule's "catch-all provision," provides for relief from a final order for "any justifiable reason." FRCP 60(b)(6); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). However, courts have added a requirement to the rule, namely that a party seeking Rule 60(b)(6) relief must demonstrate the existence of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005); *Budget Blinds, Inc.*, 536 F.3d at 251. Extraordinary circumstances typically exist when "an extreme and unexpected hardship" would result if the relief sought is not granted. *Budget Blinds, Inc.*, 536 F.3d at 255. In addition, a court ordinarily will only grant relief if the moving party is not at fault and did not cause the

extraordinary circumstances to come into being. *Id.*

Here, Appellant argues that it was entitled to Rule 60(b)(6) relief because it took steps that ordinarily would be sufficient to result in proper filing and therefore the misfiling caused by NJLS's gross negligence constitutes extraordinary circumstances. (App. Br. at 13-14). Appellant points out that if the relief sought is not granted, it will lose the opportunity to contest the dischargeability of the $800,000 debt owed by Appellee, amounting to an extreme hardship. (*Id.* at 14). Finally, Appellant argues that the misfiling was not the result of its own misconduct, given that it finalized the complaint in advance of the deadline, selected a reputable delivery service, provided the correct address, and timely provided its adversary with a copy of the complaint such that there was no prejudice. (*Id.*). The Court agrees with these statements.

Appellee objects to this position by arguing that regardless of the surrounding circumstances, the Bankruptcy Rules must be strictly construed and the Court has no discretion whatsoever to grant relief. (Appellee's Br. at 12-13). However, to say that the Court lacks any discretion whatsoever in this regard is not accurate. Until 2004, there existed a split among the federal circuit courts as to whether or not FRBP 4007(c), the rule imposing the 60 day deadline for the filing of a complaint contesting dischargeability, was jurisdictional in nature. The circuit courts that held the rule was jurisdictional concluded that regardless of surrounding circumstances, if a § 523(c) complaint or corresponding request for an extension of time were not filed within the 60 day period, the complaint would have to be dismissed. *See In re Alton*, 837 F.2d 457, 459 (11th Cir. 1988). Indeed, parties could not even consent to deeming a late-filed complaint timely, because a timely complaint was seen as a jurisdictional prerequisite to a creditor's right to relief. *See In re Barley*, 130 B.R. 66, 69 (N.D.Ind. 1991). But among the circuit courts holding that FRBP 4007(c) was not jurisdictional and instead was akin to a statute of limitations, it was also held that ordinary defenses such as equitable tolling could apply to enlarge the 60 day deadline. *See In re Benedict*, 90 F.3d 50 (2d Cir. 1996) (finding that FRBP 4007(c) is a statutory filing deadline and as such is subject to the defenses of waiver, estoppel, and equitable tolling); *Farouki v. Emirates Bank International, Ltd.*, 14 F.3d 244, 248 (4th Cir. 1994) (holding that the analogous deadline imposed by FRBP 4004 can be extended for equitable reasons).

In 2004, the Supreme Court resolved the dispute in *Kontrick v. Ryan*, holding that FRBP 4007(c) was not jurisdictional, because only Congress has the authority to extend or withdraw the grant of jurisdiction to a federal court, and the Bankruptcy Rules, like the Federal Rules of Civil Procedure, are promulgated by the courts.[4] *Kontrick v. Ryan,* 540 U.S. 443, 452-53 (2004). The *Kontrick* court further held that the bar imposed by the 60 day deadline could be waived if not raised before adjudication on the merits, and unlike a lack of jurisdiction, could not be raised for the first time on appeal. *Id.* at 455-56. The Supreme Court specifically declined to consider the issue of equitable tolling because it was not necessary in the context of *Kontrick*. *Id.* at 457. However, the circuit courts that considered the issue pre- *Kontrick* and concluded that FRBP 4007 was not jurisdictional

---

[4] In actuality, *Kontrick* arose in the context of FRBP 4004, not 4007. However, a footnote in the case itself states that the two rules are analogous and the analysis applies equally to FRBP 4007. *Kontrick*, 540 U.S. at 448, FN 3.

uniformly have held that equitable tolling is available, provided the appropriate circumstances exist.  See *In re Begue*, 176 B.R. 801 (N.D. Ohio 1995) (as with all federal statutes of limitation, FRBP 4007(c) is subject to equitable principles including equitable tolling).  Thus, it is appropriate for the Court to consider whether equitable tolling applies to Appellant's complaint such that it can be deemed timely (and appropriately) filed.

A case arose on very similar facts before the Bankruptcy Court for the Northern District of Ohio in the Sixth Circuit, where even pre-*Kontrick*, FRBP 4007(c) was not considered jurisdictional.  *In re Begue*, 176 B.R. 801 (N.D. Ohio 1995).  In *Begue*, it was undisputed that a creditor seeking to contest the dischargeability of a debt had placed a § 523(c) complaint in the regular mail eight days before the filing deadline, 40 miles from the courthouse where it needed to be filed.  *Id.* at 804.  For unknown reasons, it took nine days for the complaint to reach the Bankruptcy Court, where it was filed one day after the 60 day deadline.  *Id.* at 801.  The debtor filed a motion to dismiss the complaint.  *Id.* at 802.  However, the Bankruptcy Court refused to grant the motion.  *Id.* at 805.  The Bankruptcy Court acknowledged that it had no authority to retroactively extend the due date or deem the complaint timely filed pursuant to excusable neglect.  *Id.* at 802.  However, the bankruptcy judge concluded that because the creditor had exercised due diligence in taking steps that would ordinarily ensure timely filing, there was no evidence of neglect on his part at all.  *Id.* at 804.  Further, because the court viewed FRBP 4007(c) as a statute of limitations, the deadline was subject to the principle of equitable tolling. *Id.* at 805.  The court went through the factors necessary to permit equitable tolling in the 6th Circuit and concluded that it was appropriate.  *Id.*  The court denied the motion to dismiss, on the grounds that FRBP 4007(c) was equitably tolled six days after the creditor placed his complaint into the U.S. mail, until the time the complaint was received and filed by the clerk's office of the relevant bankruptcy court.  *Id.*

Here, it appears to the Court to be equally true that Appellant exercised due diligence by taking sufficient steps and precautions that ordinarily would result in timely filing.  Appellant engaged a reputable delivery service in advance of the deadline, provided the service with the appropriate address, and served Appellee's counsel in advance of the deadline.  (App. Br. at 1, 3, 5).  There is no evidence that Appellant was neglectful.  Moreover, as argued by Appellant, there were extraordinary circumstances outside of its control that prevented it from timely filing the complaint, namely NJLS's negligence.  (*Id.* at 13-14).  Therefore, it is appropriate for this Court to consider whether equitable tolling should apply.  In the Third Circuit, equitable tolling of a statute of limitations is appropriate if the plaintiff, in some extraordinary way, has been prevented from asserting his rights.  *Hedges v. U.S.*, 404 F.3d 744, 751 (3d Cir. 2005).  In the present case, it appears to the Court that NJLS's mis-filing of the complaint in the wrong courthouse despite having been provided with the proper address, constitutes an extraordinary way in which Appellant would be prevented from asserting his right to challenge dischargeability of the debt, if relief is not granted.  Therefore, the Court concludes that relief should have been granted pursuant to FRCP 60(b)(6) and finds it appropriate to deem the filing deadline equitably tolled from August 17, 2009 until the complaint was received and filed by the Bankruptcy Court on August 21, 2009.

Appellant's complaint shall thus be deemed timely and properly filed.

### III. CONCLUSION

For the reasons stated above, the final decision of the Bankruptcy Court denying Appellant's application for relief pursuant to Fed. R. Civ. P. 60(b) is **REVERSED** and the dismissal of the complaint is **VACATED**. The Court is mindful of Judge Steckroth's concern that the Bankruptcy Rules be strictly construed. Nevertheless, given the highly unusual factual circumstances of this case, the Court finds equitable tolling to be appropriate as well as consistent with precedent. Therefore, the Court concludes that Appellant was entitled to relief under Fed. R. Civ. P. 60(b)(6) and that, due to equitable tolling of the deadline, the adversary complaint shall be deemed timely and appropriately filed with the Bankruptcy Court. The action is remanded for further proceedings. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**